UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QAMAR HERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 12-CV-0283-CVE-TLW |
| | ) |
| THE CITY OF TULSA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER

This matter comes on for consideration of The City of Tulsa's Opposed Motion for Leave to Amend Answer and Discovery Response. Dkt. # 32. Defendant requests leave to amend its answer and discovery response to include what it refers to as a "mitigation affirmative defense."[1] Plaintiff filed a response (Dkt. # 35) claiming undue delay and prejudice. Defendant filed a reply. Dkt. # 36.

---

[1] What is referred to in the law as "failure to mitigate damages" is not specifically listed as an affirmative defense in Fed. R. Civ. P. 8(c)(1). However, the list is not exclusive; rather, it provides that "a party must affirmatively state any avoidance or affirmative defense, including . . . ." The Tenth Circuit has been clear that "[e]mployees claiming entitlement to back pay and benefits are required to make reasonable efforts to mitigate damages." Aguinaga v. United Food and Workers Int'l Union, 993 F.2d 1463 (10th Cir. 1993) (quotation omitted). However, "[o]nce back pay and benefits have been awarded, the burden is on the employer to show that the claimant did not exercise reasonable diligence in mitigating his or her damages." Id. (citation omitted). Therefore, the Court will refer to it as the affirmative defense of failure to mitigate. See Third Circuit Model Jury Instruction 5.4.1 (plaintiff has a duty to "mitigate" her damages, but it is defendant's burden to prove plaintiff's failure); Seventh Circuit Model Jury Instruction 3.12 (jury should reduce damages amount if plaintiff did not mitigate her damages, but defendant must prove both that the reduction should be made and the amount); Eighth Circuit Model Jury Instruction 5.02A (if plaintiff failed to mitigate, jury must reduce damages by the amount plaintiff could have avoided).

In her complaint, plaintiff Qamar Herd asserted that, when defendant terminated her employment, defendant violated the Pregnancy Discrimination Act, 42 U.S.C. §§ 701, 2000e(k), and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101, et seq. Defendant filed a timely answer. Dkt. # 6. The discovery cutoff was May 31, 2013. Dkt. ## 24, 25. On July 8, 2013, plaintiff filed a motion in limine regarding six categories of evidence, including "Mitigation Evidence and Testimony from Lindsey Halzinger (J.C. Penney's)[.]" Dkt. # 30, at 8. Thereafter, defendant filed its opposed motion for leave to file an amended answer and discovery response (Dkt. # 32), as well as its response to plaintiff's motion in limine (Dkt. # 33).

A defendant is required to affirmatively plead "any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). When a party omits an avoidance or discovers new evidence giving rise to an affirmative defense as discovery proceeds, the party must move to amend his pleadings under Fed. R. Civ. P. 15(a) to rely on that defense in a dispositive motion or at trial. Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006); Harris v. United States Dep't of Veterans Affairs, 126 F.3d 339, 345 (10th Cir. 1997); McQueen, Rains, Tresch, LLP v. Citgo Petroleum Corp., 2007 WL 4232710, *1 (N.D. Okla. Nov. 28, 2007). Pursuant to Fed. R. Civ. P. 15(a)(2), a court should "freely give leave when justice so requires." See Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted); Duncan v. Manager, Dep't. of Safety, 397 F.3d 1300, 1315 (10th Cir. 2005); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to

"provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter, 451 F.3d at 1204 (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

In its motion for leave to amend, defendant asserts that plaintiff was in sole control of the information that forms the basis for the affirmative defense of failure to mitigate. Specifically, defendant argues that, until plaintiff's deposition on April 24, 2013, it was unaware that it had the affirmative defense; however, during her deposition, plaintiff revealed that she had not sought employment since defendant terminated her employment, even though plaintiff admitted that she was employed at J.C. Penney while she was employed by defendant. Id. Defendant states that plaintiff did not keep her job with J.C. Penney, but chose to quit and move to Arkansas. Id. Therefore, defendant asserts, plaintiff's damages "should be limited solely to the time period after her termination from the City [ ] to when she quit[ ] J.C. Penneys [sic] and move[d] to Arkansas." Id. Further, defendant asserts that plaintiff had notice of the possibility of the affirmative defense of failure to mitigate - - plaintiff anticipated such a defense when she filed her motion in limine. Finally, defendant argues that plaintiff will not be prejudiced by the amendment because plaintiff will not be required to conduct additional discovery. Instead, plaintiff, as the person in control of the information, already knew of her employment with J.C. Penney and her resignation or termination.

In response, plaintiff argues that defendant's motion should be denied because of undue delay. Dkt. # 35, at 1. Specifically, plaintiff states that, because she served her initial disclosures under Fed. R. Civ. P. 26 on October 2, 2012, in which she asked for both back pay and front pay, defendant was on notice of a potential defense of failure to mitigate before the scheduling order was

entered on October 19, 2012 (Dkt. # 10). Further, plaintiff asserts that, in her initial disclosures, she stated "that she intended to retain an economic damages expert regarding her 'prospects for obtaining comparable employment[,]'" which should have put defendant "on notice that it may have a potential mitigation defense[.]" Dkt. # 35, at 3. Plaintiff also argues that, if defendant is allowed to amend its answer, plaintiff would be unduly prejudiced. Id. at 4. Plaintiff states that, because the defense of failure to mitigate is a "fact-intensive inquiry[ ]", she would have an obligation to become familiar with J.C. Penney's employment practices, its handbook, and to take a deposition of someone familiar with her resignation or termination from J.C. Penney. Id. at 5. Finally, plaintiff argues that defendant failed to support its assertions with citation to the record, and its motion should therefore be denied. Plaintiff states that "[i]n the context of appellate records, the Tenth Circuit has frequently recognized that '[a]n appellant who provides an inadequate record does so at his peril.'" Id. at 6 (quoting Dikeman v. Nat'l Educators, Inc., 81 F.3d 949, 955 (10th Cir. 1996)).

As noted by defendant, plaintiff was in possession of all information regarding a possible defense of failure to mitigate. In fact, plaintiff was the only one who could have known of such information, and plaintiff anticipated that defendant might attempt to assert such a defense because she included that argument in her motion in limine. Despite plaintiff's argument that her initial disclosures should have put defendant "on notice" of a potential defense of failure to mitigate, her initial disclosures did just the opposite. Plaintiff asserted that she should receive both back and front pay and that she would be using an expert to determine those losses, neither of which gave defendant notice that plaintiff had other employment during the relevant time period. Further, plaintiff's argument that she will be unduly prejudiced must also fail - - although the defense of failure to mitigate may be fact intensive, plaintiff already possesses the information regarding her

4

employment with J.C. Penney, including the reason that she was either terminated or otherwise decided to leave employment with J.C. Penney. Plaintiff also knew, from the time of her initial disclosures, that she was employed by J.C. Penney during the relevant time period and that the defense of failure to mitigate was a possibility, as evidenced by her motion in limine regarding "mitigation" evidence.

Plaintiff should not be allowed to preclude defendant from asserting a defense that she is prepared to defend against. Although it is preferable for a party to raise an affirmative defense earlier, courts should "avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1076 (10th Cir. 2009) (quotation omitted). "Rule 8(c)'s ultimate purpose is 'simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" Creative Consumer Concepts, 563 F.3d at 1076 (quoting Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (10th Cir. 1988)). Because plaintiff would not be prejudiced by the amendment and because plaintiff already prepared for and anticipated the affirmative defense of failure to mitigate, as evidenced by her argument in her motion in limine, the Court finds that defendant should be allowed to amend its answer and discovery response and its motion should be granted.[2]

---

[2] The Court finds that any failure by defendant to cite to the record is not a basis for denying its motion.

**IT IS THEREFORE ORDERED** that The City of Tulsa's Opposed Motion for Leave to Amend Answer and Discovery Response (Dkt. # 32) is **granted**.

**IT IS FURTHER ORDERED** that defendant shall file its amended answer and provide an amended discovery response **forthwith**.

**DATED** this 1st day of August, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE